Eastern District of Kentucky
FILED
FEB 0 1 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-219-JBC

ANTHONY W. DOAN, PLAINTIFF

V. **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration, DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Anthony W. Doan, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) payments that were filed on April 8, 2002, he was not disabled and was not entitled to disability benefits or SSI payments.

This matter is before the court on cross-motions for summary judgment. [DE ##4, 6].

By Order of November 1, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. FACTUAL BACKGROUND

Plaintiff was born on May 6, 1968, has a high school education. Additionally, plaintiff took courses in business management for two years, for which he received a certificate for his training. (Tr. 70, 277). Plaintiff has worked extensively in construction, serving as a supervisor on some sites while working as an equipment operator, drywaller, concrete worker, bricklayer, framer, and painter (Tr. 15, 73, 244, 276-277). Also, he has held factory jobs as a machine operator (Tr. 65, 73, 276-277). Plaintiff lost his most recent factory job due to a criminal conviction that netted him a 30-month sentence in jail; plaintiff was incarcerated from November 12, 1999, until April 1, 2002 (Tr.

64-65, 71, 278-79).[1] Since being released from jail, plaintiff mostly lays around the house and watches television (Tr. 78-80, 102, 184).

Plaintiff's criminal history illustrates at least five convictions, including driving under the influence, drug possession, forgery, assault, assault of an officer, and domestic violence (Tr. 244). Plaintiff became addicted to crack cocaine in 1997, at which time he stopped working at his regular job and began doing odd jobs to obtain money for drugs. (Tr. 64, 83, 132). Plaintiff was admitted to Charter mental health services in October of 1997 for treatment of cocaine intoxication. (Tr. 128).

Plaintiff states that he is no longer addicted to cocaine; he stopped using cocaine during his 30-month jail sentence. However, plaintiff acknowledges that he still drinks alcohol regularly (Tr. 82). In May of 2002, plaintiff reported on a disability benefits form that he drank six to twelve beers daily (Tr. 82), and during the same month, he told consulting examiner Dr. Robert J. Eardley that he drank two or three cases of beer a week (Tr. 182). Two days prior to his examination by Dr. Eardley, plaintiff reported to Dr. Jason Hoth, another examiner, that he drank two to three beers a day (Tr. 176). In 2004, plaintiff reported to Dr. Stuart A. Cooke that he drank four to six beers daily (Tr. 241). Plaintiff also ingests alcohol in combination with daily doses of narcotic drugs, including hydrocodone (a/k/a Vicodin, Lortab, and Lorcet) and Valium (Tr. 166-67, 205, 231, 284).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleged that he became disabled on November 12, 1999, at age 31, due to emotional problems, drug dependency, and back pain. (Tr. 15). Plaintiff's DIB and SSI applications were denied initially and on reconsideration, resulting in ALJ hearings conducted on February 17, 2004, and October 13, 2004. On November 23, 2004, ALJ Charles J. Arnold found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to disability benefits or SSI payments. (Tr. 14-19).

---

[1] Plaintiff's DIB and SSI applications were filed on April 8, 2002, one week after he was released from jail.

Thereafter, on April 26, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 7-9), resulting in the filing of the present action for judicial review of the Commissioner's denial decision.

Summarizing the ALJ's findings, the ALJ found that (1) in respect to his DIB application, claimant is insured for benefits through September 30, 2003; (2) claimant has not engaged in substantial gainful activity since his alleged onset date, (3) claimant has the following medically determinable impairments: emotional problems, drug dependency, and back pain; (4) claimant does not have any impairment or impairments that significantly limit his ability to perform basic work-related activities; therefore, claimant does not have a "severe" impairment ((20 CFR §§ 404.1520 and 416.920); (5) claimant's allegations concerning his limitations are not totally credible, based on the objective evidence of record; and (6) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, November 23, 2004. (Tr. 14-19).

With the denial by the Appeals Council of plaintiff's request to review the ALJ's decision, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

## IV. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## V. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that (1) the ALJ erred in rejecting the opinion of treating physician Dr. Eugene F. Pence in favor of the opinion of the Medical Advisor, Dr. Michael Rose, and (2) the ALJ erred in rejecting the opinion of Dr. Stuart A. Cooke based on the stated reason that it was based only on plaintiff's subjective complaints. For these reasons, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits. Alternatively, plaintiff requests that this case be remanded for further proceedings.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record (Exhibits 1F through 16F), and the transcripts of the ALJ hearings.

**A.     ALJ's rejection of opinion of Dr. Eugene F. Pence, Jr.**

Plaintiff asserts that the ALJ erred in rejecting the opinion of Eugene F. Pence, Jr., M.D., who plaintiff characterizes as a treating physician, in favor of the opinion of the Medical Advisor, Dr. Michael Rose. Plaintiff contends that since Dr. Pence is a treating physician, his opinion was entitled to greater weight than the opinion of the non-examining Medical Advisor.

At the outset, the Magistrate Judge is unpersuaded by plaintiff's characterization of Dr. Pence as a treating physician. Based on the evidence of record, Dr. Pence examined plaintiff on one occasion, January 24, 2003, at which time, plaintiff requested Dr. Pence to complete a Medical Assessment of Ability to Do Work-Related Activities (Physical), which Dr. Pence did complete. *See*

4

Tr. 226-229.[2] On that date, January 24, 2003, Dr. Pence also referred plaintiff to a Comprehensive Care psychiatrist for treatment of depression. Tr. 229. There is no other evidence of record from Dr. Pence.[3] Thus, given the medical evidence or lack thereof from Dr. Pence, who appears to have examined plaintiff only on one occasion, prescribed no medication, and simply referred plaintiff to Comprehensive Care for treatment of depression, the Magistrate Judge concludes that Dr. Pence cannot be viewed as a treating physician. Thus, the Magistrate Judge concludes that the ALJ correctly noted in his decision that there is no underlying objective evidence from which to evaluate the assessment of Dr. Pence. (Tr. 17). Therefore, plaintiff's argument that the ALJ was obligated to give more weight to Dr. Pence's opinion as a treating physician is without merit.

**B.     ALJ's rejection of opinion of Stuart A. Cooke, Ph.D.**

Plaintiff also claims that the ALJ erred in rejecting the opinion of Stuart A. Cooke, Ph.D., and giving more weight to the opinion of Dr. Jack Eardley, a psychiatrist examiner.[4] Plaintiff contends that in rejecting Dr. Cooke's opinion, the ALJ erroneously stated that Dr. Cooke's opinion was based only on plaintiff's subjective complaints, pointing out that Dr. Cooke administered a battery of tests to plaintiff and obtained test results therefrom.

The ALJ's assessment of Dr. Cooke's opinion is set out below:

> On February 13, 2004, claimant, at the request of his counsel, underwent a psychological evaluation by Dr. Stuart A. Cooke, Ph.D. The claimant reported that he consumes alcoholic beverages, 4-6 beers a day. He reported using Cocaine up until 1999. He said he got caught writing cold checks to support his crack habit and was sentenced to jail for 30 months. He reported taking Hydrocodone for chronic

---

[2] Plaintiff's counsel erroneously states that medical records from Dr. Pence are found at Tr. 226-239. Medical records from Dr. Pence are from Tr. 226-229. The medical records found at Tr. 230-239 are from Dr. Simms/Waynesburg Clinic (Tr. 230-234) and from Fort Logan Hospital (Tr. 235-239).

[3] In completing the Medical Assessment form at Tr. 227, Dr. Pence states: "see Exam Report from 1/24/03." (Tr. 227). However, the Exam Report is not of record.

[4] Stuart A. Cooke, Ph.D., is a Licensed Clinical Psychologist who was retained by plaintiff's counsel, performed a consultative examination of plaintiff on February 13, 2004. (Tr. 240-249). Dr. Robert Jack Eardley, a psychiatrist, performed a consultative examination of plaintiff at the request of the Administration on May 20, 2002. (Tr. 181-186).

5

back pain and Valium for "nerves and anxiety." He denied ever being without pain. **[Note: See Exhibit 13F – On August 8, 2003, claimant reported his pain was under good control and he had no anxiety problems.]** The undersigned rejects the assessment by Dr. Cooke which appears to be based primarily on claimant's subjective complaints (Exhibit 15F). (emphasis in original).

Tr. 17.

In rejecting Dr. Cooke's opinion, the ALJ stated that it appeared to be based *primarily* on claimant's subjective complaints. Thus, plaintiff erroneously states that the ALJ rejected Dr. Cooke's opinion "because it was allegedly based only on subjective complaints." Plaintiff's Motion for Summary Judgment, p. 7 - DE #4.

In evaluating plaintiff's alleged mental limitations, the ALJ gave more weight to the opinions of Dr. Eardley, an examining psychiatrist, and the Medical Advisor, Dr. Rose, whose opinion was based on his review of the medical evidence of record. The regulations permit an ALJ to obtain a neutral medical advisor to assist him in understanding the nature and severity of functional impairments. See 20 C.F.R. §§ 404.1527(f)(iii), 416.927(f)(iii). The Magistrate Judge concludes that the ALJ properly relied on the testimony of the Medical Advisor in respect to the medical evidence related to plaintiff's mental limitations (the Medical Advisor testified that plaintiff's responses on the questionnaire were extreme and inconsistent (Tr. 306-312)). See Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1308-10 (6th Cir. 1990) (ALJ properly relied on opinion of medical advisor over opinion of treating physician); Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir. 1989) (ALJ properly relied on testimony of medical advisor whose opinion was based on a review of the medical evidence and claimant's testimony). Contrary to plaintiff's contention, non-examining physicians provide an important source of information for the ALJ, and the expert opinion of the Medical Advisor that testified at plaintiff's hearing, as well as the opinions of the state agency physicians who reviewed the records, are weighed along with all other evidence in the case. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), 416.927(f)(2).

In this case, the Magistrate Judge concludes that the ALJ weighed the opinion of Dr. Cooke and properly rejected it as being inconsistent with the other evidence of record. For this reason, the Magistrate Judge concludes that plaintiff's argument that the ALJ erred in rejecting Dr. Cooke's opinion is without merit.

## VI. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that the defendant's motion for summary judgment [DE #6] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This /S/ day of February, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE