**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 05-219-JBC**

**ANTHONY W. DOAN,**                                                                                    **PLAINTIFF,**

**V.**                                        <u>**ORDER**</u>

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Anthony Doan, brought this action pursuant to 42 U.S.C. §
405(g) to obtain judicial review of an administrative decision of the Commissioner
of Social Security denying Disability Insurance Benefits. The court referred this
matter to United States Magistrate Judge James B. Todd, who prepared Proposed
Findings of Fact and Recommendations to which the plaintiff objects. The court,
having reviewed the record *de novo* in light of the plaintiff's objections, will adopt
the magistrate judge's report and recommendation, deny the plaintiff's motion for
summary judgment, and grant the Commissioner's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he
employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*,
25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's
conclusions absent a determination that the Commissioner has failed to apply the
correct legal standards or has made findings of fact unsupported by substantial
evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Plaintiff's Objections**

Mr. Doan argues that the ALJ erred by failing to find that Dr. Pence was a treating physician and entitled to deference; by relying on Dr. Rose's opinion; and by rejecting Dr. Cooke's opinion.

Based on the evidence in the record, Dr. Pence saw Mr. Doan on only one occasion. During that visit, Dr. Pence prepared a medical assessment detailing Mr. Doan's functional abilities. The court agrees with the magistrate judge that one consultation with Mr. Doan does not qualify Dr. Pence as a treating physician. Although Dr. Pence's report refers to an "exam report" performed on January 24, 2003, this report is not in the record. Therefore, even if Dr. Pence were a treating physician, his opinion is conclusory and not supported by objective medical findings. Contrary to counsel's repeated assertions, the ALJ may reject a treating physician's opinion where that opinion is conclusory or not based on evidence in the record. *E.g., Sizemore v. Sec'y of Health of Human Serv.*, 865 F.2d 709, 711-

2

12 (6th Cir. 1988); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). Mr. Doan also argues that the ALJ rejected Dr. Pence's opinion based on the testimony of the medical expert, Dr. Rose. Review of the ALJ's decision reveals that Dr. Pence's opinion was rejected because it was conclusory and not because of Dr. Rose's testimony.

Mr. Doan objects to Dr. Rose's testimony, arguing that it was unsupported by any evidence in the record. In particular, Mr. Doan objects to being characterized as a drug abuser and a malingerer. Reviewing the record, the court finds evidence that Mr. Doan uses hydrocodone for chronic back pain and Valium for nerves and anxiety. However, there is contradictory evidence that he does not suffer from pain. Therefore, a conclusion that Mr. Doan abuses drugs – even if they are prescription drugs – is not unsupported by the evidence. Similarly, as the medical evidence suggests that Mr. Doan does not suffer from disabling physical or mental impairments, Dr. Rose could properly conclude that Mr. Doan was malingering.

In evaluating Mr. Doan's limitations, the ALJ accepted the opinions of Drs. Eardley and Rose and rejected the opinion of Dr. Cooke. Weighing the evidence and making findings of fact are the province of the ALJ. The court agrees that the ALJ properly exercised his discretion. Accordingly,

**IT IS ORDERED** that the magistrate judge's report and recommendation (DE 8) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 6) is **GRANTED**.

Signed on March 24, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY